JACOB WIRTH & others vs. HENRY R. WIRTH, administrator.

Suffolk.    December 11, 1902. — June 18, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Equity Jurisdiction.   Trust.   Perpetuities.*

A court of equity will not order a trustee to transfer a liquor business *in specie* to two beneficiaries one of whom is a minor.

A testator, engaged in a profitable business of selling intoxicating liquors, died leaving a wife and two minor children, to whom he gave all his property. He made his wife executrix and directed that she should carry on the business for the benefit of his estate so long as it continued to be profitable, and that neither she nor her successors should be called upon to settle the estate or to distribute any portion of the principal so long as she or they saw fit to continue the business, unless it was being conducted at a loss to the estate. After his death his widow conducted the business at a profit for seven years and dying named a successor who was appointed administrator *de bonis non* with the will annexed. He carried on the business at a profit for four years when the children of the testator, consisting of a son less than twenty-two years of age and a daughter less than nineteen years of age, brought a bill in equity against the administrator to compel a transfer of the business to them free from the trust. They did not ask for a decree of sale and distribution. *Held,* that, if it were assumed that the plaintiffs had a right to have the trust terminated, and if it also were assumed that there might be circumstances which would justify a court of equity in compelling an executor or administrator with the will annexed to turn over *in specie* to the residuary legatees all the property belonging to such a business, the fact that one of the beneficiaries was a minor, who could not conduct the business legally in person or by her guardian, was a sufficient reason for refusing the decree prayed for.

BILL IN EQUITY, filed in the Probate Court for the County of Suffolk on January 3, 1902, by Jacob Wirth, son of Jacob Wirth, deceased, Elizabeth Maria Wirth, a minor, daughter of the last named Jacob, and George Fred Williams as guardian of Elizabeth Maria Wirth and also as executor under the will of Maria Wirth, deceased, widow of the elder Jacob, against Henry R. Wirth, administrator *de bonis non* with the will annexed of the estate of Jacob Wirth, to free from trust certain property belonging to that estate.

The will of Jacob Wirth contained the following provisions:

" I give to my wife, Maria and my children who shall be living at my death, such part or interest in my estate real and personal, as they would be entitled to at my death under the laws

of this Commonwealth relating to the estates of intestate persons, saving as hereinafter set forth.

" Whereas I am now engaged in a profitable business, of which I desire my estate to have the benefit after my death, it is my will and I hereby direct my executrix, or her successor or successors to continue the business in which I shall be engaged or interested at the time of my death, whether alone or in partnership; to use such portion of the funds of the estate as may be necessary to conduct such business. And such business or any part thereof shall be continued so long as the same shall be of profit to the estate, or the executrix upon some emergency shall be obliged to discontinue the same; and I authorize my executrix to employ persons connected with said business and if. it shall prove desirable by giving a share or shares of the profits of said business as compensation. And my executrix or her successor or successors shall not be called upon to settle said estate or to distribute any portion of the principal thereof so long as she or they see fit to continue the business as aforesaid, provided always that it shall not be made to appear to the Court that such business is being conducted at a loss to the estate or those interested therein; but the profits arising out of the estate may be administered and distributed as they shall accrue according to the interests of the legatees under this will as above provided."

The testator then provided for a trust in his real estate to continue during the life of his wife and until his youngest child should come of age. No trustee was named for the real estate trust. He appointed his wife executrix without sureties.

Maria Wirth, the testator's widow, by her will left all her interest in the business to her two children above named. She also by her will requested that Henry R. Wirth, the defendant, might be " appointed executor of the will of my late husband in my place."

The defendant demurred to the bill on the grounds, that the plaintiffs had an adequate remedy at law, and that it appeared by the bill that it had reference not to the termination of a trust but to the administration of an estate and an accounting for that estate and a distribution thereof, which was within the probate and not the equity jurisdiction of the Probate Court.

In the Probate Court *Grant*, J., overruled the demurrer, and the defendant appealed. Thereupon the defendant answered, and the case proceeded to a hearing. *Grant*, J., made the following finding: "I find that the plaintiffs are the absolute owners of the business in question, and as such are entitled to have it conveyed to them by the administrator with the will annexed free from his control. Otherwise the trust is invalid for the reason that it purports to continue forever. So, on either assumption, the administrator Wirth, should not be allowed to retain the estate against the wishes of the plaintiffs." He made a decree ordering the business to be transferred to the plaintiffs in accordance with the prayer of the bill, and the defendant appealed.

The defendant still insisting on his demurrer, the two appeals came on to be heard before *Loring*, J., and by agreement of parties were reserved by him for determination by the full court, upon the bill, demurrer, answer, a statement of agreed facts and a transcript of certain evidence taken in the Probate Court which it was agreed should be treated as though it had been taken before a justice of this court. The material facts are stated by the court.

*John Chipman Gray & G. F. Williams*, for the plaintiffs.

*G. W. Anderson*, for the defendant.

KNOWLTON, C. J. Jacob Wirth, his minor sister, and her guardian join as plaintiffs in this bill to compel the defendant, who is the administrator *de bonis non* with the will annexed of the estate of their father Jacob Wirth, to transfer to them *in specie* the property held and used by him in conducting the business of selling intoxicating liquors, which he is carrying on under and in accordance with the directions contained in the will of their father. Jacob Wirth, the elder, died on August 10, 1892, and this business has been carried on very profitably ever since, first by his widow, the executrix of his will, with the assistance of the defendant as manager, until her death in 1899, and since by the defendant, who is a nephew of the testator, and who, at the previous request of the widow, became administrator *de bonis non* with the will annexed, after her death. The will directs the executrix or her successor or successors, to continue the business in which the testator is engaged or interested at

the time of his death, and to use such portion of the funds of the estate as may be necessary to conduct such business. The business, or any part thereof, is to be continued as long as the same shall be of profit to the estate, or until the executrix, upon some emergency, is obliged to discontinue it. The executrix, or her successor or successors, is not to be called upon to settle the estate, or to distribute any portion of the property thereof, so long as she or they see fit to continue the business, provided always, that it shall not be made to appear to the court that such business is being conducted at a loss to the estate or those interested therein. The profits arising out of the estate may be administered and distributed as they shall accrue, "according to the interests of the legatees under this will as above provided." At the time of the testator's death he was conducting a business in Boston, of which he was the sole proprietor, and another business of the same kind in Providence, Rhode Island, as copartner with the defendant. Although the accounts and property of the two establishments were kept separate, the two were conducted together, to their mutual profit, and they have been conducted in the same way by the executrix and the defendant ever since.

This bill relates only to the business in Boston; and we may assume in favor of the plaintiffs that this business is so far separate from that in Providence that the court could deal with it by itself, if it were proper for the court to take a part of the assets of the estate from the hands of the administrator *de bonis non* with the will annexed, while other business of the estate remained unsettled.

The testator left two minor children, a son and a daughter. The son became of full age on May 19, 1901, and the daughter will become of full age on March 22, 1905. We do not find it necessary to consider some of the interesting questions of law which have been argued with much ability by the respective counsel. The plaintiffs contend that the will creates a trust which may continue for an indefinite period, extending beyond the expiration of twenty-one years from the end of a life or lives in being. The defendant, on the other hand, contends that the trust has reference to the settlement of the estate for the benefit of the legatees, namely, the testator's wife and children, to whom

the will gives the entire estate, and that the trust by a necessary, or at least by a natural, implication is to terminate on the death of the last of these legatees, if it should be continued until the end of their lives.

The plaintiffs contend, and the defendant admits, that since the death of the widow they are the only persons interested as beneficiaries in the property in the defendant's hands, and they contend that the purposes of the trust have been accomplished, or that, if they have not, the trust is void, and therefore that they are entitled to a transfer of the property. The defendant contends that one of the purposes of the trust was to have the testator's children receive the income from an exceedingly profitable business without personally managing it, and to have the management of the business, during the lifetime of his children, left to the discretion of his representative appointed by the Probate Court, rather than to the children themselves, subject only to the condition that the business should continue to be profitable.

The plaintiffs do not desire to have the business disposed of and the estate settled by a distribution of the proceeds in the ordinary way, for if that were done they would lose the benefit of a very large income which they are now receiving from the business, under the management of the defendant. They contend that they are entitled to have the business turned over to them as it is now being conducted, so that they may manage it.

Without deciding these and other questions which have been discussed before us, except in reference to the relief which the plaintiffs seek, and without intimating any opinion upon any other of the matters in dispute, we think that the facts do not warrant the court in ordering a transfer of the business to the plaintiffs. The executrix took charge of the business and conducted it from the time of the testator's death as a part of her official duty to collect the assets and make them available for the benefit of the legatees, in the way directed by the will. The defendant, under the provisions of the will, is the successor of the executrix, and he manages the property as an administrator *de bonis non* with the will annexed. If we assume in favor of the plaintiffs that they are entitled to have the trust terminated, the ordinary way of closing it, inasmuch as the

management of the business is merely an incident of the settlement of the estate in the Probate Court, would be to turn the property into money and pay over the proceeds due on the settlement of the defendant's account as administrator *de bonis non*. If we also assume in favor of the plaintiffs, without deciding, that there might be circumstances which would justify a court of equity in compelling an executor or administrator with the will annexed to turn over *in specie* to the residuary legatees all the property belonging to such a business as this, the court is not justified in making such a decree in the present case. The brother and sister are jointly interested in the property. The only purpose of this bill is that they may carry on the business. They expressly disclaim a desire to have the trust terminated by a disposition of the property and a distribution of the proceeds. But this minor daughter of the testator cannot carry on such a business, nor can her guardian do it for her. To say nothing of the peculiar character of the business, which can only be conducted by one who is duly licensed, she could not bind herself by any contract except for necessaries. The guardian could not use her property in such a business, for the risks incident to it cannot lawfully be taken by a guardian for his ward. *Clark* v. *Garfield*, 8 Allen, 427. *Richardson* v. *Boynton*, 12 Allen, 138. *Lombard* v. *Morse*, 155 Mass. 136. *Massachusetts General Hospital* v. *Fairbanks*, 132 Mass. 414. It is plain that the minor has no use for this property if it is to be taken and held as a going concern. A decree should not be made, the effect of which would be to give the plaintiff Jacob Wirth an advantage over his sister in the settlement of the estate. That would be the probable effect of such a decree as the plaintiffs ask for. If the business was turned over to the plaintiffs it might be possible for Jacob Wirth to conduct it, while it would be impossible under the law for his sister to conduct it. Under these circumstances we think it would be inequitable and improper to order the termination of the trust by a transfer of the business to the plaintiffs, even if the plaintiffs were able to establish the other propositions of law on which they rest their case.

*Bill dismissed.*